# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00186-CV

**Kirk Wayne McBride, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
NO. C2001-944B, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING**

Kirk Wayne McBride appeals from the district court=s order dismissing this cause pursuant to civil practice and remedies code sections 14.003, 14.005, and 14.006(f). Tex. Civ. Prac. & Rem. Code Ann. '' 14.003, .005, .006(f) (West 2003). McBride is serving a ninety-nine-year prison sentence for aggravated sexual assault imposed in Comal County cause number CR95-129. We will affirm the dismissal order.

In his original petition, McBride alleged causes of action seeking:

$   A ADeclaratory Judgment, Judgment, and a Judicial Acknowledgment@ that he is Athe lawful Holder in due course of the Acceptance of Value of the Birth Certificate which is the legal instrument for the Title of Ownership or Deed to@ KIRK WAYNE MCBRIDE.[1]

---

[1]   It is McBride=s contention that his birth certificate Acreated a legal fiction,@ KIRK WAYNE MCBRIDE, distinct from the real person, Kirk Wayne McBride.

$ A ADeclaratory Judgment, Judgment, [and] Judicial Acknowledgment@ that no contract Aunifying@ KIRK WAYNE MCBRIDE and Kirk Wayne McBride ever existed and that the AIndemnification Contract@ between McBride and MCBRIDE is valid and enforceable.[2]

$ A ADeclaratory Judgment, Judgment, and Judicial Acknowledgment@ making the United States Treasury the fiduciary for Kirk Wayne McBride and the account holder for KIRK WAYNE MCBRIDE for purposes of enforcing the Apromissory note@ and Acomposition deed of debenture@ executed by McBride and MCBRIDE on January 2, 2001.[3]

---

[2] McBride argues that, in the absence of a Aunifying@ contract, the State could prosecute MCBRIDE (the legal fiction) but not McBride (the person). He furthers argues that by a promissory note dated January 2, 2001, A[MCBRIDE] indemnified [McBride] in the amount of ($1,000,000.00) One Million United States dollars against any and all loss or damages to [McBride] as the result of the Transmitting Utility function of [MCBRIDE] by the incarceration of [McBride] which resulted from the charges made against [MCBRIDE]@ in cause number CR95-129.

[3] In the Apromissory note,@ MCBRIDE promised to pay McBride one hundred billion dollars Afor the lifetime services, future labor and revenues, and any securities used as collateral for loans of credit to pay the daily operational costs, re-organization expenses in bankruptcy and insurance policy premiums required to float the bankrupt UNITED STATES GOVERNMENT.@ MCBRIDE also promised to pay McBride one million dollars to indemnify McBride for the losses resulting from the prosecution of MCBRIDE. These sums were to be paid to McBride by the United States Treasury in monthly installments of one hundred thousand dollars. This Apromissory note@ was secured by the Acomposition deed of debenture@ conveying title to MCBRIDE (in the form of the birth certificate) to McBride.

$    A ADeclaratory Judgment, Monetary Judgment, and a Judicial Acknowledgment@ that the State of Texas breached its Aimplied-in-law contract@ with Kirk Wayne McBride and KIRK WAYNE MCBRIDE under which the State surrendered its right to prosecute McBride and MCBRIDE after the limitations period expired.

$    A ADeclaratory Judgment, Monetary Judgment, and a Judicial Acknowledgment@ that the State of Texas and the United States breached their Aimplied-in-law contract@ with Kirk Wayne McBride and KIRK WAYNE MCBRIDE under which McBride and MCBRIDE would be prosecuted only by persons who had filed the constitutional oath of office.

After the State filed its motion to dismiss under chapter 14, McBride filed his first and second supplemental petitions. These supplemental petitions contain Asupplemental claims@ challenging the grounds for dismissal urged by the State and elaborating on the original petitions=s allegations regarding McBride=s contention that his prosecution for aggravated sexual assault was barred by limitations.[4]

A claim or cause of action brought by an inmate who files an affidavit or declaration of inability to pay costs may be dismissed if the court finds that the claim is frivolous. Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(a)(2) (West 2003). In determining whether a claim is frivolous, the court may consider whether the claim=s realistic chance of ultimate success is slight, whether the claim has no arguable basis in law or fact, and whether the claim is substantially similar to a previous claim filed by the inmate. *Id*. ' 14.03(b). Having considered the allegations in McBride=s petitions and the arguments advanced in his brief on appeal, we conclude that the district court did not abuse its discretion by dismissing this cause as frivolous. We need not address McBride=s challenge to the other stated grounds for dismissal.

---

[4] McBride=s limitations claim was raised at trial and rejected by the jury, and that determination was affirmed on appeal. *McBride v. State*, No. 03-95-00596-CR, 1997 Tex. App. LEXIS 1284 (Tex. App.CAustin Apr. 24, 1997, pet. ref=d) (not designated for publication).

The order of dismissal is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   December 5, 2002

Do Not Publish